**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1536

MICHAEL A. ROWE,

Plaintiff, Appellee,

v.

LIBERTY MUTUAL GROUP, INC.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph Laplante, U.S. District Judge]

Before

Torruella, Lynch, and Kayatta,
Circuit Judges.

David J. Kerman on brief for defendant-appellant.
Michael A. Rowe pro se.

February 12, 2016

**KAYATTA**, <u>Circuit Judge</u>.  This case returns to this court from an earlier remand instructing the district court to reconsider its order effectively lifting, post-judgment, a "Discovery Confidentiality Agreement and Protective Order" ("Protective Order") entered into by plaintiff-appellee Michael Rowe ("Rowe") and defendant-appellant Liberty Mutual ("Liberty").  Finding no abuse of discretion in the district court's reconsideration of its ruling on remand, we affirm.

## I.  Background

### A.  The Protective Order

Under the Protective Order, Liberty was able to designate as "Confidential" documents produced by it in the litigation that Liberty in good faith contended met certain criteria, such as being subject to the attorney-client or work product privileges.  In responding to discovery requests by Rowe, Liberty so designated various documents to which Rowe, as a former Liberty employee, had already been privy.

Under paragraph 6 of the Protective Order, Rowe retained the right to challenge such a designation at any time.  The agreed-upon procedure under the Protective Order for challenging confidentiality designations consisted of three steps: first, the party objecting to the designation must serve on the designating party a written objection to the designation, describing "with particularly the documents or information in question . . . and

the grounds for objection;" second, the designating party must respond in writing to the objection within ten days, stating "with particularity the grounds for asserting that the document or information is Confidential;" and third, if a dispute to a Confidential designation cannot be resolved by the parties' good faith efforts, the party proposing the designation must "present the dispute to the Court by a formal motion for an order regarding the challenged designation."

## B.  Rowe's Challenge to the Protective Order

As his own claim against Liberty confronted what turned out to be a successful motion for summary judgment, Rowe challenged Liberty's designations by serving on Liberty a writing stating that he was "objecting to the confidentiality designations of all evidence referenced by either Liberty Mutual or Rowe in any and all Pleadings filed by either of the parties in this litigation to date."  This challenge applied not only to the excerpts of these documents currently on the docket, but to the "entirety" of any such documents.  Liberty thereupon communicated to Rowe Liberty's position that Rowe's blanket challenge to its designations was inadequate under the Protective Order because, Liberty argued, Rowe did not describe "with particularity the documents or information in question and . . . state the grounds for objection." Rowe apparently maintained that he need do no more because, inter

alia, he claimed that the documents were not even subject to the Protective Order.

Liberty brought the dispute to the district court, seeking a supplemental protective order declaring that it was too late for Rowe to challenge confidentiality designations (because the documents could have no use in the litigation at that stage) and declaring, in the alternative, that Rowe had failed to challenge the designations with the required particularity.

The district court disagreed with Liberty's suggestion that "there is presently no legitimate use that [Rowe] can make of the confidential material," and thus rejected Liberty's timing argument. Procedural Order, Rowe v. Liberty Mut. Grp., Inc., No. 11-cv-366-JL at 3 (D.N.H. Feb. 27, 2014), ECF No. 138. As for the Protective Order, the district court decided not to require Rowe to provide a more particularized challenge to Liberty's designations. The court further observed that some of the documents in question with which the district court was already familiar were clearly not privileged. Id. at 5-6.

The court therefore ordered Liberty to file a motion "(1) listing the documents over which it wishes to preserve its confidentiality designations; (2) attaching each of those documents, under seal; and (3) explaining the basis of each of those designations, with reference to additional evidentiary materials or legal authority, if necessary." Id. at 6-7.

Rejecting Liberty's request for more time, the district court required that Liberty file its papers in two weeks, likely assuming that Liberty would not have pressed its confidentiality designations in good faith without having already analyzed each document to confirm its classification as privileged.

Liberty thereafter filed what essentially amounted to a bare bones privilege log, with a memorandum discussing various legal principles pertinent to general categories of confidentiality claims. Rowe objected, claiming this was inadequate, as it gave no indication why the specific documents were privileged. The court allowed Liberty to file a reply memorandum, in which Liberty included, for the first time, a document-by-document explanation of a limited subset of documents it believed should be subject to the Protective Order as privileged. The court noted that although Liberty's reply memorandum may have "provide[d] the information necessary for this court to rule on Liberty Mutual's designations as to a much smaller set of documents", Liberty had waited too long to provide such information by presenting it for the first time in a reply memo.[1]

---

[1] The district court appears to have relied on its Local Rules to buttress its point that reply memos are not to be used to advance arguments that should have been in the opening memo. Oddly, the Local Rules for the District of New Hampshire, although they have such a requirement regarding dispositive motions, are silent on the point in connection with nondispositive motions. Compare N.H. L.R. 7.1(e)(1) and N.H. L.R. 7.1(e)(2). In any event, Liberty

Summary Order, <u>Rowe</u> v. <u>Liberty Mut. Grp., Inc.</u>, No. 11-cv-366-JL at 9-10 (D.N.H. Apr. 29, 2014), ECF No. 160. The court ultimately ordered that all the designations were unsustained, allowing Rowe to deal with the documents free of the strictures of the Protective Order.

**C.   Liberty's Prior Appeal**

On Liberty's appeal, we vacated the district court's ruling. <u>Rowe</u> v. <u>Liberty Mut. Grp., Inc.</u>, No. 14-1475 (1st Cir. Feb. 17, 2015), ECF No. 174.  We regarded the district court's actions as a modification of the Protective Order, which is only warranted when the district court finds that there has been "a significant change in circumstances."  <u>Id.</u> at 2 (quoting <u>Pub. Citizen</u> v. <u>Liggett Grp., Inc.</u>, 858 F.2d 775, 790 (1st Cir. 1988). In deciding whether to modify such an order, district courts must weigh a number of factors.  <u>See</u> <u>Griffith</u> v. <u>Univ. Hosp., L.L.C.</u>, 249 F.3d 658, 661 (7th Cir. 2001); <u>Poliquin</u> v. <u>Garden Way, Inc.</u>, 989 F.2d 527, 535 (1st Cir. 1993); 8A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2044.1 (3d ed., online edition updated Sept. 2014).

---

does not contest the district court's interpretation of local briefing requirements.

**D. Order on Remand**

On remand, the district court issued a careful and informative opinion explaining that, in effect, its only modification of the Protective Order was to relieve Rowe from his arguable obligation to provide a more particularized challenge to Liberty's designations. Order on Remand, Rowe v. Liberty Mut. Grp., Inc., No. 11-cv-366-JL (D.N.H. Apr. 28, 2015), ECF No. 176. Otherwise, all it did was require Liberty, in compliance with paragraph 6 of the Protective Order, to present the dispute to the court by a formal motion for an order regarding the challenged designation. Id. at 2. Thus, the district court's order was more in the nature of an application of the Protective Order rather than a substantive modification. Id.

Training on the very limited modification of the Protective Order implicit in the Procedural Order, the district court examined the factors and authorities as we instructed. In so doing, the district court noted that the Protective Order was the type of "blanket protective order" that was "particularly subject to later modification." Id. at 13-14 (quoting Pub. Citizen, 858 F.2d at 790). The Protective Order--and the district court--also provided Liberty with an opportunity to demonstrate why any particular document should remain confidential. Importantly, the district court also noted that because the Protective Order allowed any designation to be challenged at any

- 7 -

time, and placed the burden of proof on Liberty just as if there were no Protective Order, Liberty could not have relied on any expectation that its documents would remain confidential without Liberty having to establish an entitlement to such treatment.  Id. at 15-16.  The district court further questioned the reasonableness of Liberty's reliance on the Protective Order, because "umbrella orders" of this type are "likely to be found to provide a less forceful basis for reliance than a more particularized order . . . ."  Id. (quoting Pub. Citizen, 858 F.2d at 279-80).

As we ordered, the district court also took a fresh look at whether the confidentiality designation should be overborne (or, rather, whether Liberty carried its burden of showing that the documents Liberty designated as confidential were entitled to protection under the Protective Order).  In reaffirming its prior ruling, the district court relied on Liberty's failure to timely provide the proof necessary to show, for each challenged document, that it was privileged.

## II.  Analysis

We review district court rulings on procedural orders for abuse of discretion.  Poliquin, 989 F.2d at 535.  We have reviewed Liberty's motion and its list of documents.  While the list likely sufficed as a privilege log to accompany a document production, see Fed. R. Civ. P. 26(b)(5), neither the list nor the motion provided the district court with any feasible means of

understanding why each document is privileged. There was no affidavit explaining who is a lawyer, who is a proper client representative, and why the communication is properly within the scope of the privilege. Instead, Liberty basically filed a memo setting forth general factors for assessing claims of privilege, and then let the district court go through 2,000 pages trying to figure out how these factors applied to each document.[2] While categorical treatment of voluminous documents can sometimes suffice, (e.g., "emails from general counsel to senior manager limited to subject of X and retained in confidence as confirmed in affidavit of Y"), here the district court did not abuse its discretion in finding a failure to prove that the documents were privileged.

Importantly, this is not a situation in which the court first held a document to be privileged, and then later reversed itself. Rather, the court at most tweaked and foreseeably supplemented the procedure for implementing the dispute resolution procedures under the Protective Order. Not requiring a plaintiff, who bore no burden of persuasion, to make a list of every document

_____

[2] As noted by the district court in its Order on Remand, Liberty "made much of the fact that, following its initial submission in support of its designations, it filed a reply memorandum making a more specific showing as to particular documents." Order on Remand at 8. In this reply, however, Liberty itself stated that it "continues to assert that the detailed information accompanying its initial submission supports preserving the confidentiality of all materials submitted," that is, all 2,000-plus pages.

when he was challenging them all on the same ground caused no prejudice to Liberty.  And Liberty can hardly complain that the district court spelled out in advance what Liberty need establish in its motion to prevail.  That the court left it to Liberty to determine what evidence would be necessary to carry its burden did not change the protective order, and seems appropriate on such a straightforward matter.

### III.  Conclusion

Finding no abuse of discretion, we affirm the district court's order on remand.